```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

SAMMIE LEE BROWN,              :
                               :
          Petitioner,          :
                               :
     v.                        :   Case No. 4:20-cv-217-CDL-MSH
                               :
Secretary RYAN MCCARTHY,       :
                               :
          Respondent.          :
_____
```

**ORDER**

Petitioner Sammie Lee Brown, an inmate currently confined at Rutledge State Prison in Columbus, Georgia, has filed a motion for leave to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 13). 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 govern applications to appeal IFP. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if

1

>    the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

>    (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
>       (A) shows . . . the party's inability to pay or to give security for fees and costs;
>       (B) claims an entitlement to redress; and
>       (C) states the issues that the party intends to present on appeal.
>
>    (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with a motion for IFP on appeal.  First, it must determine whether Petitioner is financially able to pay the appellate filing fee.  Petitioner attached his prison inmate account certification which shows an average monthly balance of $0.00 for the past six months.  Mot. for Leave to Proceed IFP Attach. 1, at 1, ECF No. 13-1.  The Court finds Petitioner is unable to pay the $505.00 appellate filing fee.

Second, the Court must determine if Petitioner has satisfied the good faith requirement.  "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A petitioner demonstrates good faith when he seeks review of a non-frivolous issue.

*Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the petitioner 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis. . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Petitioner appeals the Court's dismissal of his application for a writ of habeas corpus (ECF No. 1) challenging his 1985 conviction and sentence by U.S. Army court martial. Pet. 2, 6-20, ECF No. 1; Notice of Appeal 1, ECF No. 9; Suppl. Notice of Appeal 3-9, ECF No. 12. Although Petitioner styled his habeas application as seeking relief pursuant to 28 U.S.C. § 2255, his claim is not cognizable under section 2255, so the Court construed his habeas

3

application as seeking relief pursuant to 28 U.S.C. § 2241. R. & R. 3-7, Sept. 21, 2020, ECF No. 4 (citing 28 U.S.C. § 2255(a) (allowing a petitioner to seek habeas relief only from "the court which imposed the sentence")); Order 1, Nov. 17, 2020, ECF No. 7 (adopting recommendation).[1] So construed, the Court denied his habeas application for lack of jurisdiction because Petitioner was not in custody pursuant to his sentence by court marital at the time he filed his habeas application.  R. & R. 7-10 (citing 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam); *Malloy v. United States*, 609 F. App'x 626, 627 (11th Cir. 2015) (Mem.) (holding that a petitioner in state custody challenging a sentence by military court martial unrelated to his current custody "does not meet the 'in custody' definition of § 2241" because he did "not challeng[e] his conviction or sentence related to his confinement . . . and he [was] not

---

[1] For this reason, the Court has not determined whether Petitioner is entitled to a certificate of appealability.  28 U.S.C. § 2253(c)(1) requires a habeas petitioner to seek a certificate of appealability only when the petitioner appeals "(a) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (b) the final order in a proceeding under section 2255."  Here, neither circumstance applies.  The Court has construed Petitioner's habeas application as one under section 2241, and although Petitioner is currently confined in state prison, he challenges his conviction and sentence by a military court martial.

4

detained, restrained, or confined by the military")).

On appeal, Petitioner again seeks to challenge his conviction and sentence by court martial. Suppl. Notice of Appeal 3-6. Even though he was not in custody pursuant to this sentence at the time he filed his habeas application, Petitioner claims the Court retains jurisdiction under section 2241 because he is subject to collateral consequences of his sentence, including his loss of military medical benefits. *Id.* at 3, 6-7. Petitioner raised this same argument in his objection to the Magistrate Judge's Report and Recommendation. Pet'r's Obj. 1-3, ECF No. 5. The Court overruled his objections and adopted the Report and Recommendation because even assuming Petitioner suffers from collateral consequences flowing from his conviction and sentence, the Court still lacks jurisdiction because "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Malloy*, 609 F. App'x at 627. Because the Court lacks jurisdiction over Petitioner's habeas claims, he does not seek to raise a non-frivolous issue on appeal,

5

and his appeal may not be taken in good faith.  28 U.S.C. § 1915(a)(3).  Petitioner's motion for leave to proceed IFP on appeal is **DENIED**.

SO ORDERED, this 20th day of January, 2021.

                                       S/ Clay D. Land
                                       CLAY D. LAND
                                       UNITED STATES DISTRICT JUDGE